CHAMP GIST *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—45.]

### Instruction as to Manslaughter.

An instruction as to the law of manslaughter is erroneous where it fails to instruct the jury what it takes in law to constitute the offense of manslaughter, but leaves to the jury the determination of whether the killing was or was not unlawfully done.

### Instruction as to Self-Defense.

An instruction as to the law of self-defense is erroneous which leaves it to the jury to determine from the evidence the question as to whether the accused was unlawfully assaulted or attacked by the deceased. The jury should be told that if they believed from all the facts and circumstances proved that the accused at the time he took the life of the deceased, had reasonable grounds to believe and did believe that the deceased was then and there about to take his life or inflict great bodily harm upon him, and that he

had no apparently safe means of escape therefrom, he had the right to use such means as were necessary, or as appeared to him in the exercise of reasonable judgment to be necessary, to save his life or himself from great bodily harm even to taking the life of his assailant, and is excusable upon the grounds of self-defense and apparent necessity.

### APPEAL FROM HOPKINS CIRCUIT COURT.

#### June 18, 1885.

OPINION BY JUDGE LEWIS:

At the time the appellant took the life of the deceased, of which there seems to be no controversy, they were making a crop together on the farm of appellant, deceased boarding with him and occupying a room adjoining the family room occupied by appellant and his wife. No one witnessed the killing besides appellant and his wife and a small negro girl who testified as a witness. According to her statement the appellant and deceased went to the stable very early and on their way back to the house they were quarreling, the deceased being in fault and making threats against appellant. When they reached the house each went to his room and very soon appellant came out on the porch, which was in front of both rooms, with a shotgun, when he was fired at by deceased, and thereupon he fired, striking him upon the side of his head and killing him.

When the neighbors reached the house the deceased was found dead lying on the floor in his own room between his bed and the door opening upon the porch with a pistol, from which one load had been previously fired, and the butt of which was on the floor lying near his right hand.

The evidence is conflicting as to whether the deceased fired at all at appellant on the occasion, some of the witnesses who resided near to the house testifying that but one shot was heard by them on the occasion, and that was from a shotgun, and to other facts tending to show that the deceased did not fire his pistol. On the other hand a witness for the defense states that they heard the shots, one, which was first fired, apparently from a pistol and the second from a shot gun. Whether upon the evidence before the jury they were authorized to find the appellant guilty of the offense of manslaughter, as they did do, is not the province of this court to determine, the only question before us which is necessary to

decide being as to the action of the court in giving and refusing instructions. The first instruction complained of which we will notice, being the second in the series, is as follows:

"The court further instructs the jury that if they believe from the evidence to the exclusion of a reasonable doubt that the accused, Champ Gist, shot, wounded and killed Samuel Winstead, but that the same was not with malice aforethought, but unlawfully and wilfully done, they should find the accused not guilty of murder but guilty of voluntary manslaughter and fix his punishment by confinement in the state penitentiary for not less than two or more than twenty-one years, in their discretion." This instruction is improper, because it does not contain either a full or correct exposition of the law applicable to a case of voluntary manslaughter. It is not for the jury unaided, and without instruction from the court, to determine whether the killing was or was not unlawfully done. Their duty is to determine from an application of the law, about which the court instructs them, to the facts as proved, whether the accused is guilty of the offense charged, or any degree of the offense. But according to the instruction they were directed to find him guilty of manslaughter if they believed the killing was unlawfully or wilfully done, without being instructed by the court, as should have been done, what it takes in law to constitute the offense of manslaughter.

The third instruction is as follows: "The court further instructs the jury that though they may believe from the evidence that Champ Gist shot, wounded and killed Samuel Winstead as submitted in instructions Nos. 1 and 2, yet, if they further believe from the evidence that at the time such shooting and killing the said Champ Gist not being then himself the attacking party, but that said Champ Gist was then unlawfully assaulted, set upon or attacked by said Samuel Winstead, and the said assault or attack was of such a character or accompanied by such circumstances of aforesaid violence as caused said Gist to believe his life was in danger, or that his person was in danger of great bodily harm, such danger being real or apparent, then said Gist had the right to use such means and such force as might be necessary for his safety and protection, even to the taking of the life of his adversary, provided, however, Champ Gist had at such time no other apparent and safe means of avoiding said danger and of securing such protection to himself." The objection to this instruction is the use of the words "but that the said Champ

Gist was then unlawfully assaulted, set upon, or attacked by said Samuel Winstead and that said assault or attack was of such a character, or accompanied by such circumstances of aforesaid violence as caused said Gist to believe his life was in danger," etc.

The law is and the jury should have been instructed that if they believe all the facts and circumstances proved that the accused, at the time he took the life of the deceased, had reasonable grounds to believe and did believe that the deceased was then and there about to take his life or inflict great bodily harm upon him, and that he had no apparently safe means of escape therefrom, he had the right to use such means as were necessary, or as appeared to him in the exercise of reasonable judgment to be necessary, to save his life or himself from great bodily harm even to taking the life of his assailant, and is excusable upon the grounds of self-defense and apparent necessity.

For the errors mentioned the judgment is *reversed* and case remanded for a new trial and further proceedings consistent with this opinion.

Judgment *reversed*.

*Jno. Feland, Polk Faffon, Gordon & Dempsey, for appellant.*
*P. W. Hardin, for appellee.*